IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| In re: | ) |
| | ) |
| VERN RICHARD STICKEN, | ) Case No.: 09-50166-jwv7 |
| | ) |
| Debtor. | ) |
| | ) |
| Vern Richard Sticken, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Adv. Proc. No.:09-050__-jwv |
| | ) |
| Afni, Inc., | ) |
| | ) |
| MISSOURI REGISTERED AGENT: | ) |
| CT Corporation Systems, | ) |
| 120 South Central Ave., | ) |
| Clayton, MO 63105, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT AND ADVERSARY PROCEEDING IN BANKRUPTCY
REGARDING CREDITOR'S CONTEMPT OF, AND
TO ENFORCE, THE AUTOMATIC STAY AND
ORDER DISCHARGING DEBTOR**

    **COMES NOW** Plaintiff/Debtor, an individual, by and through his below-signed attorney of record, and for his Complaint and Adversary Proceeding in multiple counts herein states the following to the Court:

1

**Preliminary Statement**

1. Vern Richard Sticken (hereinafter Plaintiff, or Plaintiff/Debtor, or Debtor) brings this action under 11 U.S.C. §362(a), 11 U.S.C. §524(a) and 15 U.S.C. §1681 *et. seq.*, to obtain actual damages, statutory damages, injunctive relief, declaratory relief, punitive damages and other relief as a result of the Defendant's violations of and contempt of Plaintiff's Discharge Order and other improper collection actions.

2. Defendant, Afni, Inc. (hereinafter "Afni") repeatedly employed various willful means and actions in attempts to collect a consumer debt (hereinafter Debt) allegedly owed by Plaintiff arising from one or more obligations to Verizon Pennsylvania, Inc., and said actions undertaken and employed after Plaintiff filed the instant bankruptcy case with some instances occurring before and others occurring after Plaintiff's legal liability on the Debt was duly and fully discharged by operation of 11 U.S.C. § 524(a).

**Jurisdiction and Venue**

3. The allegations in paragraphs 1 through 2 of this Complaint and Adversary Proceeding are realleged and incorporated herein by this reference.

4. Original and exclusive jurisdiction is conferred on this Court pursuant to the provisions of Section 1334 of Title 28 of the United Stated Code in that this proceeding arises in and is related to the above-captioned Chapter 7 case under Title 11 and concerns property and rights of the Debtor in that case.

5. This Court has both personal and subject matter jurisdiction to hear this case pursuant to Section 1334 of Title 28 of the United States Code, Section 157(b)(2) of Title 28 of the United States Code.

6. This Court has supplemental jurisdiction to hear all applicable state law claims pursuant to Section 1367 of Title 28 of the United States Code.

7. This Court also has federal subject matter jurisdiction that is properly founded upon Section 1331 of Title 28 of the United States Code.

8. This matter is primarily a core proceeding, and, therefore, this Bankruptcy Court has jurisdiction to enter a final Order. However, in the event this case is determined to be a non-core proceeding then, and in that event, the Plaintiff consents to the entry of a final Order by the Bankruptcy Judge.

9. Venue correctly lies in this District pursuant to Section 1391(b)(1) of Title 28 of the United States Code.

10. Neither collateral estoppel nor the Rooker-Feldman Doctrine prevent a Bankruptcy Court from determining whether a State Court's or Agency's actions are in violation of Title 11 of the United States Code.

11. This Court has personal jurisdiction over Defendant Afni, because Afni regularly resides and conducts business within this District and has a Registered Agent in the State of Missouri. Additionally, Afni was a duly noticed party-in-interest in Debtor's underlying Chapter 7 Bankruptcy.

**Parties**

12. The allegations in paragraphs 1 through 11 of this Complaint and Adversary Proceeding are realleged and incorporated herein by this reference.

13. Plaintiff is currently a resident of Maryville, Nodaway County, Missouri. In 2009 Plaintiff filed in this Honorable Court a voluntary Petition, with proper venue, under Chapter 7 of Title 11 of the United States Code.

14. Defendant, Afni, Inc. is a corporation registered to do business in Missouri with a domestic Registered Agent and who resides and regularly conducts business within this District.

## Factual Allegations

15. The allegations in paragraphs 1 through 14 of this Complaint and Adversary Proceeding are realleged and incorporated herein by this reference.
16. During or around the month of December, 2006, Plaintiff entered into a contract for telecommunication services with Verizon Wireless and/or Verizon Pennsylvania, Inc. In this agreement Verizon would provide the use of telecommunication services while Plaintiff would make regular monthly payments to Verizon.
17. On March 5, 2009 Plaintiff/Debtor filed a voluntary Chapter 7 Petition in the Western District of Missouri, Case No: 09-50166-jwv7. Afni, Inc. was properly listed on Plaintiff's Schedule and mailing matrix for which to receive notice from this Honorable Court of the Plaintiff's bankruptcy case. Discharge was granted to Debtor on June 8, 2009.
18. Plaintiff/Debtor's legal liability for any outstanding balance or other debt owed by Debtor to Afni, Inc. was stayed upon filing and subsequently duly and properly discharged by operation of his Chapter 7 Bankruptcy.
19. On no less than four (4) separate attempts did Afni, Inc. attempt to collect on the pre-petition debt after the filing of the instant bankruptcy case without lift of the Automatic Stay nor any exception to the Discharge Injunction.
20. Afni, Inc. sent directly to the Debtor a "Settlement Offer" dated June 2, 2009. This letter makes references to previous attempts to collect the debt by making statements such as "[w]e are making another attempt to contact

4

you regarding your overdue account." Debtor is of belief that at least one of these previous attempts came after the filing of the instant bankruptcy. This June 2nd letter was sent after the filing of the instant bankruptcy case and before the entry of the Discharge Order. This June 2nd letter was sent without any lift of the Automatic Stay in effect for the instant bankruptcy and was a direct demand for payment on a pre-petition debt owed by the Debtor.

21. Debtor received the June 2nd letter on June 8, 2009, and immediately became unduly and unfairly anxious. When Debtor received this "Settlement Offer" from Afni, he became angry, upset, and stressed to the point that he could not think of anything else. Debtor became so overwhelmed with these different emotions that he began to lose faith in the Bankruptcy Code, Court, and procedures. Debtor contacted the undersigned's office who take great care in reviewing the situation with the Debtor and worked to calm his deeply felt emotional reaction.

22. On June 8, 2009, the undersigned's office sent a letter to Afni, Inc. at the address listed on the "Settlement Offer" from Afni at 404 Brock Drive, PO Box 3427, Bloomington, Illinois 61702-3427. The undersigned's June 8th letter reminded Afni, Inc. of the Debtor's bankruptcy filing, provided the necessary information in order for Afni to find the Debtor in its system, reminded Afni of the discharge, threatened Afni with the threat of an Adversary Proceeding if contact continued with Debtor, and requested that all future communications be directed to the undersigned's office.

23. Afni, Inc. sent directly to the Debtor a "Discounted Payment Offer" dated August 26, 2009. This August 26th letter was sent after the entry of the Order of Discharge in the instant bankruptcy. This "Discounted Payment Offer" was a direct demand for payment on a pre-petition debt owed by the Debtor that was discharged by the Order of this Honorable Court on June 8, 2009.

5

24. When the Debtor received this "Discounted Payment Offer" from Afni, he became angry, upset, and stressed to the point that he could not think of anything else. Debtor became so overwhelmed with these different emotions that he again lost faith in his counsel, the Bankruptcy Code, Court, and procedures.

25. Afni, Inc. sent directly to the Debtor a "Discounted Payment Offer" dated September 11, 2009. This September 11th letter was sent after the entry of the Order of Discharge in the instant Bankruptcy. This "Discounted Payment Offer" was a direct demand for payment on a pre-petition debt owed by the Debtor that was discharged by the June 8th Order of this Honorable Court.

26. When the Debtor received this "Discounted Payment Offer" from Afni, he became angry, upset, and stressed to the point that he could not think of anything else. Debtor became so overwhelmed with these different emotions that he continued to question and mistrust the undersigned, the Court, and the fairness of the law.

### First Cause of Action:  Violations of 11 U.S.C. § 362(a)

27. The allegations in paragraphs 1 through 26 of this Complaint and Adversary Proceeding are realleged and incorporated herein by this reference.

28. During relevant times herein there was in effect an Automatic Stay as set forth by operation of 11 U.S.C. § 362(a). Section 362 of the Bankruptcy Code provides the Debtor with an injunction against collection of pre-petition debts and thus embodies the "fresh start" concept of the Code.

29. Herein-named Defendant had long-standing actual knowledge of the Plaintiff's underlying Chapter 7 Bankruptcy filed in this Honorable Court,

6

and, therefore, herein-named Defendant had actual knowledge of all statutory injunctions against any further creditor or collection actions against the Debtor or property of the Debtor.

30. Defendant Afni willfully violated and acted in contempt of the Automatic Stay as set forth by operation of 11 U.S.C. § 362(a) by seeking to collect from the Debtor for a debt incurred pre-petition by commencement of an action to collect or recover from, or offset against, property of the Debtor, to wit: the communications sent via United States Postal Service directly to the Debtor labeled "Settlement Offer".

31. In addition, Defendant willfully violated and acted in contempt of the Automatic Stay as set forth by operation of 11 U.S.C. § 362(a) by seeking to collect from the Debtor for a debt incurred pre-petition by continued improper written demands for payment of the Debt.

32. The inherent power of the federal courts to punish for contemptuous behavior is well established and can reach both conduct before the Court and that beyond the Court's confines. The Court's power to determine that a party is in contempt is based both in 11 U.S.C. §105(a) and in the inherent power of the federal courts to sanction contemptuous conduct.

33. Section 105 of the Bankruptcy Code grants statutory contempt powers in the bankruptcy context, stating, "The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title". Thus Bankruptcy Courts have independent statutory powers to award monetary and other relief for violations of the discharge injunction to the extent such awards are necessary and appropriate to carry out provisions of the Code. The purpose of a Section 105 contempt sanction is to compensate the complainant for losses and expenses incurred because of the contemptuous act, and force the contemnor into complying with the Court's Order. Willful violations of the permanent injunction of Section 524(a)

create liability for a range of damages and remedies under Section 105.

34. The actions of the Defendant have caused the Debtor/Plaintiff severe financial hardship and actual economic and non-economic damages including, but not limited to, loss of his good name, severe emotional and physical damages, for which he should be duly and fairly compensated by an amount to be determined by a trier of fact, plus all costs and fees associated with Plaintiff's actions in seeking to remedy and rectify the Defendant's improper, contemptuous, and willful post-filing collection actions.

35. The actions of the Defendant are so egregious that punitive damages of an amount to be determined by a trier of fact are warranted so as to dissuade the Defendant from future improper conduct of this nature and scope.

**WHEREFORE**, for good cause shown, Plaintiff prays for the following relief from Defendant:

a.   Statutory and actual damages of an amount to be determined by a trier of fact;

b.   Punitive damages of an amount to be determined by a trier of fact;

c.   Costs and reasonable attorney's fees incurred; and

d.   Any and all other relief this Court deems just and proper in the instant.

### Second Cause of Action: Violations of 11 U.S.C. § 524(a)

36. The allegations in paragraphs 1 through 35 of this Complaint and Adversary Proceeding are realleged and incorporated herein by this reference.

37. During all relevant times herein there was in effect, through an Order of this Honorable Court, the Discharge Injunction as set forth by operation of 11 U.S.C. § 524(a). Section 524 of the Bankruptcy Code provides the Debtor with an injunction against collection of debts discharged and thus embodies the "fresh start" concept of the Code.

38. Herein-named Defendant had long-standing actual knowledge of the Plaintiff's underlying Chapter 7 Bankruptcy filed in this Honorable Court, and, therefore, herein-named Defendant had actual knowledge of all statutory injunctions against any further creditor or collection actions against the Debtor or property of the Debtor.

39. Defendant Afni willfully violated and acted in contempt of the discharge injunction as set forth by operation of 11 U.S.C. § 524(a) by seeking to collect from the Debtor for a debt discharged by operation of Bankruptcy by commencement of an action to collect or recover from, or offset against, property of the Debtor, to wit: the communications sent via United States Postal Service directly to the Debtor labeled "Discounted Payment Offer".

40. In addition, Defendant Afni willfully violated and acted in contempt of the discharge injunction as set forth by operation of 11 U.S.C. § 524(a) by seeking to collect from the Debtor for a debt discharged by operation of Bankruptcy by continued improper making various written demands for payment of the Debt.

41. Section 524(a)(2) was intended to cover not only legal proceedings, but also any other acts of creditors, such as dunning, harassment, withholding of future credit, threatening or instituting criminal proceedings, and the like, whether directed at the debtor or anyone else.  S. Rep. No 95-989, at 80 (1978); H.R. Rep. No. 95-595, at 366 (1977); Greenwood Trust Co. v. Smith, 212 B.R. 599 (B.A.P. 8th Cir. 1997).

9

42. Violation of the injunction is contempt, punishable by awards of damages and attorney fees. In re Hardy, 97 F.3d 1384 (11th Cir. 1996).

43. The inherent power of the federal courts to punish for contemptuous behavior is well established and can reach both conduct before the Court and that beyond the Court's confines. The Court's power to determine that a party is in contempt is based both in 11 U.S.C. §105(a) and in the inherent power of the federal courts to sanction contemptuous conduct.

44. Section 105 of the Bankruptcy Code grants statutory contempt powers in the bankruptcy context, stating, "The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title". Thus Bankruptcy Courts have independent statutory powers to award monetary and other relief for violations of the discharge injunction to the extent such awards are necessary and appropriate to carry out provisions of the Code. The purpose of a Section 105 contempt sanction is to compensate the complainant for losses and expenses incurred because of the contemptuous act, and force the contemnor into complying with the Court's Order. Willful violations of the permanent injunction of Section 524(a) create liability for a range of damages and remedies under Section 105.

45. The remedies for civil contempt can include both damages and attorneys fees, even if the contempt is not willful. In re Rosteck, 899 F.2d 694 (7th Cir. 1990).

46. The actions of the Defendant have caused the Debtor/Plaintiff severe financial hardship and actual economic and non-economic damages including, but not limited to, loss of his good name, severe emotional and physical damages, for which he should be duly and fairly compensated by an amount to be determined by a trier of fact, plus all costs and fees associated with Plaintiff's actions in seeking to remedy and rectify the

Defendant's improper, contemptuous, and willful post-discharge collection actions.

47. The actions of the Defendant are so egregious that punitive damages of an amount to be determined by a trier of fact are warranted so as to dissuade the Defendant from future improper conduct of this nature and scope.

**WHEREFORE**, for good cause shown, Plaintiff prays for the following relief from Defendant:

a.  Statutory and actual damages of an amount to be determined by a trier of fact;

b.  Punitive damages of an amount to be determined by a trier of fact;

c.  Costs and reasonable attorney's fees incurred;

d.  Injunctive relief; and

e.  Any and all other relief this Court deems just and proper in the instant.

### Third Cause of Action: Violation of the
### Fair Debt Collection Practices Act 15 U.S.C. 1692 *et. seq.*

47. Plaintiff hereby incorporates each and every response and answer in paragraphs 1 through 36 as if fully set out herein.

48. Plaintiff brings this claim against Defendant requesting injunctive and declaratory relief and for statutory, punitive, and actual damages for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et. seq.* (hereinafter "FDCPA").

49. The Defendant regularly collects debts through the filing of lawsuits and obtaining default judgments in the several Courts of this State and has maintained a practice and pattern of filing such lawsuits without conducting a

reasonable and adequate investigation into an account before bringing suit, such business pattern and practice having been found to be in violation of the FDCPA as a deceptive act proscribed by 15 U.S.C. §1692(e).

50. Defendant's violations of the FDCPA include but are not limited to engaging in any conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of a debt, 15 U.S.C. §1692(d). In the instant action this includes, but is not limited to, seeking collection on an account without benefit of necessary and vital documentation showing proper ownership of the alleged debt or account.

51. Defendant's violations of the FDCPA include but are not limited to knowingly engaging in false, deceptive, or misleading representations or means in connection with the collection of any debt, 15 U.S.C. §1692(e). In the instant action that includes threatening to sue on an amount Defendant does not have the right to collect upon, and bring action seeking same.

52. Defendant's violations of the FDCPA include but are not limited to knowingly using unfair or unconscionable means to collect or attempt to collect any debt, 15 U.S.C. §1692(f). In the instant action that includes threatening to sue on an amount Defendant does not have the right to collect upon, and bring action seeking same.

53. In violation of, *inter alia*, 15 U.S.C. §1692(e), 15 U.S.C. §1692(e)(2)(a), 15 U.S.C. §1692(e)(10), and the "least sophisticated consumer standard," the Defendant has used objectively false representations and/or false, deceptive, or misleading representations or means in connection with the collection of a consumer debt. In the instant action that includes threatening to sue on an amount Defendant does not have the right to collect upon, and bring action seeking same.

54. In violation of 15 U.S.C. §1692(e)(5) and the "least sophisticated consumer standard," the Defendant threatened to take an action which cannot legally be taken or that is not intended to be taken. In the instant action that includes

12

threatening to sue on an amount Defendant does not have the right to collect upon, and bring action seeking same.

55. In violation of 15 U.S.C. §1692(f), the Defendant used unfair or unconscionable means to collect or attempt to collect a consumer debt. In the instant action that includes threatening to sue on an amount Defendant does not have the right to collect upon, and bring action seeking same.

56. In violation of 15 U.S.C. §1692(g)(a), at no time (specifically including the five days after the Plaintiff's initial communication with the Defendant in connection with the collection of a consumer debt) did the Defendant send the following information:

    i.    The amount of the debt.

    ii.    The name of the creditor to whom the debt is owed.

    iii.    A statement that unless the Plaintiff(s), within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the Defendant.

    iv.    A statement that if the Plaintiff(s) notifies the Defendant in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the Defendant will obtain verification of the debt or a copy of a judgment against the Plaintiff(s) and a copy of such verification or judgment will be mailed to the Plaintiff(s) by the Defendant.

    v.    A statement that, upon the Plaintiffs' written request within the thirty-day period, the Defendant will provide the Plaintiff(s) with the name and address of the original creditor, if different from the current creditor.

57. That due to these activities, Plaintiff has thereby suffered economic and non-economic damages, be they actual, consequential, or incidental, and is entitled to statutory damages of, no less than, $1,000.00 for each and every violation of

13

this statute, in addition to declaratory relief, reasonable attorney's fees, and costs.

58. The Defendant has acted without justification.

59. Defendant's actions were willful, wanton, and malicious, so as to justify the imposition of punitive damages.

**WHEREFORE,** Plaintiff, by and through his attorney of record, prays that this Court find in favor of the Plaintiff on all Counts in Plaintiff's Complaint under the Fair Debt Collection Practices Act, and that Plaintiff be awarded all costs and expenses and all reasonable attorney's fees as expended in this action, and for such and further Orders as the Court may deem just and fair in the instant.

**DEBT RELIEF LAW CENTER OF MISSOURI**

Respectfully submitted,

The McCrary Law Office, L.L.C.

DATE: November 23, 2009

/s/ Michael W. McCrary
Michael W. McCrary #52878
1103 Walnut Street, Ste. 203
Columbia, MO 65201
Telephone:   (573) 443-2889
Facsimile:   (573) 443-3889
mccrarylawecf@yahoo.com
ATTORNEY FOR PLAINTIFF

14